### HENRY W. NELSON *vs.* THOMAS B. CLOUGH.

In an action of assumpsit on an award, which directs the defendant to pay a certain sum, unless he shall himself cause certain work to be done, it must be averred in the declaration, and proved on the trial, either that the defendant made his election to pay the money, and notified the plaintiff thereof, or that the plaintiff had made a demand on the defendant to do the work, and that the defendant had refused.

THE declaration in this case, which was an action of as-sumpsit, contained only the common money counts, including an *insimul computassent*, and referred to an account annexed, which was a copy of the award hereinafter mentioned.

It appeared, on the trial, which was before *Colby, J.*, in the court of common pleas, that the parties having previously had a controversy as to the amount of repairs to be made by the defendant upon a public house before let to him by the plaintiff, they submitted the matter to arbitrators, who made an award, in substance, as follows : —

" They recommend, as the amount to be paid upon the bath-house, ways, &c., $79·50. And by way of compromise, to avoid litigation, they would recommend that a deduction of twenty-five per cent. be made upon the above sum, say $19·87, leaving the amount of $59·63, which they consider Mr. Clough as bound to pay to Mr. Nelson, unless the said Clough shall cause said repairs to be made himself."

The presiding judge having ruled, upon various grounds taken in the defence, that the action could not be maintained, a verdict was rendered for the defendant, and the plaintiff alleged exceptions.

The only question considered by the court arose upon the following ruling : " That, inasmuch as the award was in the alternative, allowing the defendant to make the repairs stated in the award or pay the money awarded on that account, at his election, the plaintiff could not recover, unless he declared specially upon the award, averring a demand on the defend-ant to make the repairs, and his neglect or refusal so to do ; or unless he proved such demand and refusal, previous to the commencement of the action ; and that as he did neither, the action could not be maintained, so far as these items were concerned."

*J. S. Eldridge*, for the plaintiff, referred to *Keen* v. *Bats-hore*, 1 Esp. R. 194; Lawes on Pleading, 348; *Bates* v. *Curtis*, 21 Pick. 247.

*O. G. Peabody*, for the defendant.

BY THE COURT. It is questionable, perhaps, whether the

paper produced, recommending certain things to be done, is such an adjudication and final determination of the rights of the parties, as will constitute an award. But of this we give no opinion. Taking it to be an award, it only binds the defendant to pay money, in case he shall not have done certain work specified. The election is with the defendant; if he does either, he does his whole duty, as prescribed by the award. Then, before the plaintiff can charge the defendant with the payment of money, he must show that the defendant has not done the work. But this is neither averred in the declaration, nor proved, nor was it offered to be proved, on the trial. The plaintiff should have averred and proved, either that the defendant made his election to pay the money, and gave him notice of it, so that the obligation became single and absolute ; or that the plaintiff had made a demand on him to do the work, and that he had refused. It is unnecessary to express an opinion, whether such proof might have been given, under the general declaration. Here the objection was not to the declaration only, but to the proof, which was insufficient to support any action for the payment of money, under the alternative award ; because it did not tend to show a failure to perform the other part of the award. The case of *Bates* v. *Curtis*, 21 Pick. 247, was merely an award to pay a sum certain, where there was no alternative, and no collateral or preliminary act to be done.

*Exceptions overruled, and judgment on the verdict for the defendant.*